**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**White Plains Division**

| | |
|---|---|
| Faigy Spitzer,<br>Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v.-<br><br>Alliance One Receivables Management, Inc.<br><br>Defendants. | Case No.: 7:26-cv-4399<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Faigy Spitzer ("Plaintiff") brings this Complaint by and through her attorneys, against Alliance One Receivables Management, Inc. ("Alliance" or "Defendant"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure “that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. *Id.* § 1692k.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

**NATURE OF THE ACTION**

5. Plaintiff brings this action under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory relief.

**PARTIES**

7. Plaintiff is a resident of the State of New York residing in the County of Rockland.

8. Defendant Alliance is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9. Defendant can be served with process c/o C T Corporation System, located at 28 Liberty Street, New York, NY 10005.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due to another.

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

a. all individuals with addresses in the State of New York;

b. to whom Defendant Alliance sent an initial letter;

c. attempting to collect a consumer debt;

d. which omitted the fact that the statute of limitations for a lawsuit to occur has passed;

e. and/or effectively negated a 30-day "g-notice" by offering a one-time settlement offer without explicitly stating that the settlement offer would remain open during the duration of the dispute period.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue

is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ l692e, 1692f and §1692g.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class, and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form **attached as Exhibit A** violate 15 § l692e, 1692f and §1692g.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above allegations as if set forth here.

21. Some time prior to October 28, 2020, an obligation was allegedly initially incurred by the Plaintiff to Pentagon Federal Credit Union ("Pentagon FCU").

22. Plaintiff disputes that all or part of this debt is a valid debt.

23. The aforementioned obligations arose out of a transaction in which money, property, insurance or services of the subject transactions were incurred for personal purposes.

24. The alleged Pentagon FCU obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

25. Pentagon is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

26. Upon information and belief, Security Credit Services, LLC ("Security CS") purchased this debt when it was in state of default.

27. Upon information and belief, Security CS contracted with Defendant to collect the alleged debt.

28. Upon information and belief, Defendant uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

29. The Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

30. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

*Violation Collection Letter Containing Time-Barred Debt and Conflicting Settlement Offer*

31. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered 1 through 30 above herein with the same force and effect as if the same were set forth at length herein.

32. On or about November 28, 2025, Defendant sent Plaintiff an initial collection letter (the "Letter") regarding the alleged debt owed to Security Credit. **See Exhibit A**.

33. The Letter states in relevant part:

> **AllianceOne Receivables Management, Inc. is a debt collector.** We are trying to collect a debt that you owe to SECURITY CREDIT SERVICES, LLC. We will use any information you give us to help collect the debt. This is for an account you originally had with PENTAGON FEDERAL UNION.
>
> **Our information shows:**
> You had a SECURITY CREDIT SERVICES account with account number XXXX4841.
>
> As of October 28, 2020 you owed: $11109.31
>
> Between October 28, 2020 and today:
>
> You were charged this amount in interest: +$0.00
> You were charged this amount in fees: +$0.00
> You paid or were credited this amount toward the debt: -$0.00
>
> **Total amount of the debt now: $11,109.31**

*See* Exhibit A.

34. The Letter explicitly uses an itemization date for the debt of October 28, 2020**.**

35. The Letter further confirms that between October 28, 2020, and the date of the Letter (November 28, 2025), zero dollars ($0.00) were paid or credited toward the debt.

36. Under New York law, the statute of limitations for a lawsuit to occur for consumer credit transaction such as this one is three years**.**

37. Consequently, the three-year legal time limit for a creditor or debt collector to commence a lawsuit to collect this debt expired on or about October 28, 2023.

38. Because the Letter was issued more than two years after the expiration of the statute of limitation, the underlying debt was therefore time-barred.

39. The Letter omitted the fact that the statute of limitations for the debt to be sued on has expired.

40. This is a material fact that is required to be disclosed to the consumer.

41. This omission threatens Plaintiff's rights because making a payment on a debt past the statute of limitations could reset the statute of limitations and allow Defendant to bring legal action against the consumer.

42. The omission deceived Plaintiff since she cannot properly evaluate the need for making a payment and the possible benefits and/or detriments to her.

43. This omission is deceptive and misleading because it creates the false impression that the Defendant maintains a legal right to sue the Plaintiff, when no such right exists.

44. The Letter also states in relevant part:

> **At this time, we would like to offer to resolve your account for 45% off the balance!** That's a reduced payment amount of $6,110.12. Upon receipt and clearance of your payment, we will immediately cease collection activity and will notify our client that you have resolved your account. We are not obligated to renew this offer.

*See* Exhibit A.

45. The Letter offers a 45% discount if the Plaintiff pays a reduced amount of $6,110.12.

46. The Letter further states, "We are not obligated to renew this offer".

47. The Letter fails to explicitly state that the settlement offer will remain open through the duration of the dispute period.

48. By stating the offer may not be renewed, Defendant creates a false sense of urgency that pressures the consumer to forego their right to dispute the debt in favor of' accepting the "one-time" settlement offer.

49. As previously noted, the underlying debt is time-barred, as the statute of limitations for legal action has expired.

50. The Letter omits this material fact and that making a partial payment could potentially restart said statute.

51. As a result, Plaintiff had no idea on how to proceed, and experienced significant distress and anxiety over her overall financial standing and whether to accept the settlement offer.

52. As a result of Defendant's deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692g *et seq.***

53. Plaintiff repeats the allegations contained in the above paragraphs numbered 1 through 52 as if set forth herein.

54. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

55. Pursuant to 15 USC §1692g(a):

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1. The amount of the debt;
>
> 2. The name of the creditor to whom the debt is owed;
>
> 3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any

portion thereof, the debt will be assumed to be valid by the debt-collector;

4. A statement that the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

56. Defendant violated Section 1692g(a):

a. By failing to inform the consumer that this debt was past the statute of limitations for a lawsuit to occur;

b. By stating that Defendant is "not obligated to renew this offer," which pressures the consumer to pay immediately rather than seeking verification, effectively negating the dispute window.

57. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.***

58. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered 1 through 52 above herein with the same force and effect as if the same were set forth at length herein.

59. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

60. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

61. Defendant violated said section by:

a. Failing to disclose that the debt is past the statute of limitations, which is a material omission that prevents the consumer from making an informed decision about the debt;

b. Misleading the consumer into believing a legal obligation to pay, despite the debt being time-barred from legal action;

c. Using the threat of a limited-time settlement offer to deceive the consumer into waving their legal right to dispute the debt;

d. Using false representations and deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10).

62. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

63. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered 1 through 52 above herein with the same force and effect as if the same were set forth at length herein.

64. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

65. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

66. Defendant violated this section by:

a. Attempting to collect a time-barred debt without disclosing the expiration of the statute of limitations, a practice intended to induce payment over an unenforceable obligation;

b. Creating conditions where a consumer may unknowingly restart the statute of limitations by making a payment on the settlement offer provided in the Letter.

67. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

68. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Feigy Spitzer, individually and on behalf of all others similarly situated, demands judgment from Defendant as follows:

i. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and the undersigned, as Class Counsel;

ii. Awarding the Plaintiff and the Class statutory damages;

iii. Awarding the Plaintiff and the Class actual damages;

iv. Awarding the Plaintiff the costs of this Action, including reasonable attorneys' fees and expenses;

v. Awarding pre-judgment interest and post-judgment interest; and

vi. Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper

Dated: May 25, 2026

Respectfully Submitted,

/s/ *Alec Deborin*
**Stein Saks, PLLC**
By: Alec Deborin, Esq.
One University Plaza, Ste 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201)-282-6501
adeborin@steinsakslegal.com